UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 31 2009
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| **Reginald Young,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. **09 1659** |
| ) | |
| **R. Martinez** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The plaintiff is incarcerated in the United States Penitentiary at Allenwood, Pennsylvania, and has filed a claim under 42 U.S.C. § 1983 seeking damages in excess of one million dollars for alleged conduct by prison staff at Allenwood. Because the defendants are federal officials and 42 U.S.C. § 1983 does not apply to federal officials, the complaint will be liberally construed to assert a so-called *Bivens* claim. *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The conduct giving rise to the claim is not alleged to have occurred in the District of Columbia and therefore this venue is not proper for litigating the plaintiff's claims. *See* 28 U.S.C. § 1391(b). Where venue is improper the court "shall dismiss" the complaint unless the court finds it in the interest of justice to transfer the complaint to the court in which venue is proper. *See* 28 U.S.C. § 1406(a). In this case, the court will dismiss the complaint because it does not find it in the interest of justice to transfer the complaint.

While the complaint alleges various wrongs by prison staff, including unjustified restrictions on plaintiff's recreation and freedom within the institution, and his access to legal telephone calls, pens, paper, envelopes and stamps for legal mail, the gravamen of the complaint

centers around the prison staff's alleged use of tobacco products near the plaintiff and near plaintiff's food. *See* Complaint at 5, 6 & Exs. Contrary to what the plaintiff appears to understand, *see id.* at 5 (seeking a declaratory judgment that the defendants violated plaintiff's constitutional rights when they consumed tobacco products in the prison and in the presence of the plaintiff), the use of tobacco products by prison staff does not constitute a violation of the plaintiff's constitutional rights. *Bivens* actions are limited to addressing constitutional injuries, and even then does not provide a remedy in every case. *Wormley v. United States*, 601 F. Supp. 2d 27, 35 (D.D.C. 2009) ("*Bivens* remedies have been extended [only] to a limited number of scenarios"). This complaint does not allege facts that support an inference that the plaintiff has a *Bivens* action available to him. Therefore, on its authority under 28 U.S.C. § 1406(a), the court will dismiss the complaint for improper venue.

Dated: August 7, 2009                                                   /s/
                                                               United States District Judge